UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
D.W., by his mother and next     )
friend, TONIA WRIGHT,            )
                                 )
        Plaintiff                )
                                 )
v.                               )    No. 2:11-0064
                                 )    Judge Sharp/Brown
KATHRYN O'DAY; COMMISSIONER OF   )
THE TENNESSEE DEPARTMENT OF      )
CHILDREN'S SERVICES, and         )
WILLIAM HASLAM, GOVERNOR OF      )
THE STATE OF TENNESSEE,          )
                                 )
        Defendants               )
```

**CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16(d), the following Initial Case Management Plan is **adopted**.

**A. JURISDICTION:** The court has jurisdiction over all civil claims which arise under the United States Constitution pursuant to 28 U.S.C. § 1331 and it has jurisdiction to redress the deprivation, under color of any state law, of any right secured by the U.S. Constitution pursuant to 28 U.S.C. § 1343(a)(3). Venue is properly situated in the U.S. District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) because the claims arise in this district.

**B. BRIEF THEORIES OF THE PARTIES:**

**(1) PLAINTIFF:** The Plaintiff is a thirteen-year-old boy who has been classified by the Tennessee Department of Children's Services as an indicated perpetrator of child abuse. He was not

given a due process hearing nor even advised of the abuse allegations against him. Tennessee law requires him to disclose his status as an indicated perpetrator of child abuse each time he applies for employment with a child care agency or an adult daycare center. Tennessee law prohibits child care agencies and adult daycare centers from hiring individuals who are classified as perpetrators of child abuse. Consequently, Plaintiff has been deprived, without due process law, of the right to pursue some of the common occupations of life.

In addition, Tennessee law provides that the Tennessee Department of Children's Services, the Tennessee Department of Human Services, the Tennessee Department of Mental Health, the Tennessee Department of Intellectual Disabilities and other state agency or any person or entity that contracts with the State may require individuals who apply to work in positions in which they would have access to children to disclose their status as indicated perpetrators of child abuse. Such disclosure is also required of any individual who applies to foster or adopt a child through the Tennessee Department of Children's Services. Therefore, Plaintiff also suffers damage to his reputation and further impediments to employment as a result of this classification.

**(2) DEFENDANTS:** As more fully set out in the memorandum in support of the defendants' motion to dismiss, the defendants contend that the DCS regulations at issue in this action are

2

constitutional as they comport with appropriate procedural due process. The plaintiff was given a formal file review of his indication, but was not given the additional due process protections provided by the regulations as his indication would not affect his employment or professional license as he is only thirteen years old. Additionally, if DCS does not begin procedures to release his identity and other information within two years, DCS shall not release information about that report pursuant to those DCS regulations. The plaintiff does not have a liberty interest in reputation alone under the "stigma-plus" standard as set out in the memorandum in support of the motion to dismiss. The regulations at issue comport with procedural due process. With regard to the interplay between Tenn. Code Ann. Section 71-3-507 and the DCS regulations at issue, the plaintiff's complaint should be dismissed as he has not alleged a justifiable case or controversy, as more fully set out in the memorandum in support of the motion to dismiss. Additionally, the statutory scheme surrounding Tenn. Code Ann. Section 71-3-507 provides for exemptions from the operation of the statute for a person's juvenile history and indication by DCS under certain circumstances. And, the statute provides that no person shall be reported as an indicated perpetrator of abuse unless it is determined that the due process rights of the person were either offered but not accepted, or were fully concluded pursuant to the rules of DCS. This further illuminates the fact

that the plaintiff's claim is not ripe, and is due to be dismissed.

    **C.**    **ISSUES RESOLVED:** Jurisdiction and venue.

    **D.**    **ISSUES STILL IN DISPUTE:**

    **(1)** Whether Tenn. Comp. R. and Regs. 0250-7-9 is unconstitutional.

    **(2)** Whether the Plaintiff is entitled to have his Tennessee Department of Children's Services' records expunged or, in the alternative, be granted a fair hearing by the Defendants.

    **(3)** Whether Plaintiff is entitled to reasonable costs and expenses of this action, including attorney's fees.

    **(4)** Whether the plaintiff has failed to state a claim because the DCS regulations at issue comport with procedural due process;

    **(5)** Whether the plaintiff has failed to state a claim as he does not have a liberty interest in reputation alone;

    **(6)** Whether the plaintiff's action is due to be dismissed because his claim is not ripe;

    **(7)** Whether the plaintiff's claim should be dismissed as Tenn. Code Ann § 71-3-507 provides protections for the plaintiff.

    **E.**    **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **Friday, September 30, 2011.**

**F. MEETING OF COUNSEL AND THE PARTIES TO DISCUSS SETTLEMENT PROSPECTS: Ninety days** from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the court reflecting that the parties met and the parties made a good faith effort to evaluate the resolution of this case. This report should include whether the parties believe that one of the Alternative Dispute Resolution procedures under the Local Rules would further assist the parties in resolving this matter.

**G. DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **Friday, April 20, 2012**. Discovery other than initial disclosures is stayed during the pending dispositive motion (Docket Entry 6). No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Brown.

**H. MOTIONS TO AMEND:** The parties shall file all motions to amend on or before **Friday, December 16, 2012.**

**I. DISCLOSURE OF EXPERTS:** The Plaintiff shall identify and disclose all expert witnesses, if any, and expert reports on or before **Friday, April 20, 2012**. The Defendant shall identify and disclose all expert witnesses, if any, and expert reports on or before **Friday, May 18, 2012**.

**J. DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **Friday, June 15, 2012**.

**K. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **Friday, June 27, 2012**. Responses to dispositive motions shall be filed within **28 days** after the filing of the motion. Briefs shall not exceed **25 pages**. Optional replies, limited to **five pages**, may be filed within **14 days** after the filing of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

**L. ELECTRONIC DISCOVERY:** The parties do not believe electronic discovery will be necessary in this lawsuit.

**M. ESTIMATED TRIAL TIME:** The parties estimate that this bench trial will take approximately one day, depending on what issues remain for trial. After consulting with Judge Sharp's courtroom deputy, this matter is set for trial in Nashville on **November 27, 2012**, **at 10:00 a.m.** Judge Sharp will conduct the final pretrial conference on **November 5, 2012, at 2:30 p.m.** Judge

6

Sharp will issue a separate order covering his requirements for the final pretrial conference and the trial.

    It is so ORDERED.

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge